**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **TIMOTHY MAYNOR** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:26-cv-601** |
| | § | |
| **AMAZON. COM INC.** | § | |
| | § | |
| **Defendant.** | § | |

---

**PLAINTIFF'S ORIGINAL COMPLAINT**
**(JURY DEMAND)**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Timothy Maynor, Plaintiff, complaining of Amazon.com Inc, hereinafter referred to as Defendant, and for cause of action, Plaintiff would show the Court the following:

**I. PARTIES**

1.  Plaintiff Timothy Maynor is an individual residing Fort Worth, Tarrant County, Texas. At all times relevant to this action, Plaintiff was employed by Defendant as a blue badge associate at Defendant's fulfillment center located at 301 Intermodal Pkwy, Haslet, Texas 76052, in Tarrant County, Texas.

2.  Defendant Amazon.com Services LLC ("Amazon") is a corporation organized and existing under the laws of Delaware, authorized to do business in the State of Texas, and at all relevant times employed 500 or more employees. Defendant may be served with process through its registered agent, Corporation Service Company, 211 East 7th Street, Austin, Texas 78701.

---

PLAINTIFF'S ORIGINAL COMPLAINT                                                                          Page 1

## II. JURISDICTION

3.  This Court has subject matter jurisdiction over Plaintiff's claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 2617(a)(2).

4.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims are so related to the federal claims that they form part of the same case or controversy.

5.  This Court also has jurisdiction over Plaintiff's claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and Title I thereof, pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12117(a).

## III. VENUE

6.  Venue is proper in the Northern District of Texas, Fort Worth Division, pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this action occurred in Tarrant County, Texas, and Defendant's fulfillment center at issue is located within this judicial district and division.

## IV. CONDITIONS PRECEDENT

7.  All conditions precedent to the filing of this lawsuit have been performed or have occurred. With respect to Plaintiff's ADA and TCHRA claims, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division ("TWC/TCHR"). The Charge, bearing the earliest

date of discrimination as July 9, 2024 and the latest date as February 3, 2025, was signed and notarized on May 20, 2025. Plaintiff has requested and/or received a Notice of Right to Sue and has timely filed this lawsuit within the applicable limitations period.

## V. FMLA

8.   Plaintiff is an "eligible employee" within the meaning of the FMLA. Plaintiff was employed by Defendant for at least twelve (12) months. See 29 U.S.C. § 2611(2).

9.   Defendant Amazon is an "employer" within the meaning of the FMLA. Defendant is engaged in commerce or in an industry affecting commerce, and employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. 29 U.S.C. § 2611(4).

## VI. FACTUAL BACKGROUND

**Employment and Disability**

10.   Plaintiff Timothy Maynor was employed by Amazon as a blue badge warehouse associate at the Haslet, Texas fulfillment center. Plaintiff suffers from a qualifying disability affecting his neck and spine, limiting major life activities including his ability to rotate his neck, lift, and work for extended periods without medical accommodation.

11.   Beginning in November 2022, Plaintiff initiated requests for medical leave and accommodations related to his serious health condition, communicating directly with Amazon's Disability and Leave Services ("DLS") team. On December 2, 2022, Amazon DLS confirmed receipt of Plaintiff's leave request for the period November 27, 2022 through January 21, 2023,

and acknowledged his potential eligibility for FMLA leave and Short-Term Disability ("STD") benefits.

**History of Approved Accommodations and Leave**

12. Throughout his employment, Plaintiff was granted numerous accommodations and approved leaves by Amazon, including but not limited to:

a. Temporary Schedule Accommodation, approved August 9–30, 2023, permitting a modified schedule of Wednesday through Saturday, 4:30 a.m. to 3:00 p.m.

b. Temporary Schedule Extension through September 30, 2023.

c. Accommodation Request approved June 19 – September 4, 2024 (Claim No. A-2024-1029930), with restrictions: no neck/head rotation; no more than 9 hours per day or 40 hours per week.

d. Intermittent Leave approved July 27 – September 4, 2024 (Case 08726309), in blocks of up to one (1) hour per day.

e. Accommodation Request approved August 2, 2024, accommodating Plaintiff to Sort-Debag with no head/neck rotation and hours restrictions.

f. Accommodation Request approved October 31 – November 27, 2024 (Claim No. A-2024-1135280), with restrictions: no lifting over 20 lbs; no working more than 8 hours per day.

g. Intermittent Leave approved November 28 – December 16, 2024, in blocks of up to two (2) hours per day.

h. Accommodation approved November 28 – December 16, 2024 (Claim No. A-2024-1183041), with no working more than 8 hours per day.

i. Intermittent Leave approved December 16–31, 2024 (Case 09932456), in blocks of up to eight (8) hours per day.

PLAINTIFF'S ORIGINAL COMPLAINT                                                                 Page 4

13.  Each of the above accommodations and leaves was approved by Amazon. At no time did Plaintiff miss work for reasons other than medically related leave under approved accommodations.

**Amazon Counts Protected Leave Against Plaintiff**

14.  In late December 2024, Amazon notified Plaintiff that he was in violation of its attendance policy. This notification was improper because the absences counted against Plaintiff were days on which Plaintiff took leave pursuant to Amazon's approved accommodations and leave approvals described above—protected leave that Amazon itself had granted.

15.  On December 5, 2024, Amazon's AET Interventions team contacted Plaintiff regarding a negative Unpaid Time ("UPT") balance, despite the fact that Plaintiff had approved leave in place. Plaintiff notified Amazon that he was owed a UPT reimbursement dating back to July 2024 and that his HR caseworker had confirmed no task had been opened to correct it.

16.  Amazon failed to properly credit Plaintiff's UPT balance for approved leave time and failed to correct the administrative errors it had been notified of, instead proceeding to treat the protected leave days as attendance violations.

**Termination**

17.  On February 3, 2025, Amazon's AET Interventions team sent Plaintiff an email stating: "you are currently in violation of Amazon's time and attendance policy" and notifying him that Amazon was "proceeding with separation of employment due to your current Negative UPT."

18.  Plaintiff was terminated on February 3, 2025. The termination was predicated entirely on attendance policy violations attributable to absences that were covered by Amazon's own approved accommodations and protected leave. Plaintiff's termination was pretextual. The real reason for his termination was his requests for leave and accommodation due to his disability.

19.  Plaintiff filed a Charge of Discrimination with the EEOC and TWC/TCHR asserting violations of the Texas Labor Code, the Texas Commission on Human Rights Act ("TCHRA"), the FMLA, and the ADA. The Charge identified the earliest discriminatory act as July 9, 2024 (commencement of the relevant accommodation period) and the latest act as February 3, 2025 (termination).

## VII. CAUSES OF ACTION

### FMLA INTERFERENCE (29 U.S.C. § 2615(a)(1))

20.  Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

21.  Plaintiff was an eligible employee entitled to FMLA protections. Defendant was a covered employer. Plaintiff had a serious health condition entitling him to FMLA leave.

22.  Plaintiff provided Defendant with sufficient notice of his need for medical leave, and Defendant approved intermittent leave on multiple occasions as set forth above.

23.  Defendant interfered with, restrained, and denied the exercise of Plaintiff's FMLA rights by: (a) counting approved FMLA-qualifying leave days as attendance violations; (b) failing to properly credit Plaintiff's leave-protected absences; and (c) using Plaintiff's protected leave as the basis for his termination. See 29 U.S.C. § 2615(a)(1).

24. Defendant did not act in good faith, and did not have reasonable grounds to believe its conduct did not violate the FMLA. Accordingly, Plaintiff is entitled to liquidated damages. 29 U.S.C. § 2617(a)(1)(A)(iii).

## FMLA RETALIATION (29 U.S.C. § 2615(a)(2))

25. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

26. Plaintiff engaged in activity protected by the FMLA by requesting and taking approved medical leave on multiple occasions throughout 2022–2025.

27. Defendant took adverse employment action against Plaintiff by terminating his employment on February 3, 2025.

28. There is a causal connection between Plaintiff's protected FMLA activity and his termination. The stated basis for Plaintiff's termination—attendance policy violations—consisted entirely of absences that Amazon itself had approved as protected leave. The close temporal proximity between Plaintiff's ongoing approved leave and his termination, together with Amazon's improper counting of protected days, establishes a causal nexus.

## ADA DISCRIMINATION (42 U.S.C. § 12112)

29. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

30. Plaintiff is a qualified individual with a disability within the meaning of the ADA. Plaintiff's neck and spinal condition substantially limits one or more major life activities, including but not limited to moving his neck, lifting, and working without restriction.

31. Defendant is a covered employer under the ADA, employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

32.  Plaintiff requested and was granted reasonable accommodations by Defendant on multiple occasions. Plaintiff was able to perform the essential functions of his position with those accommodations.

33.  Defendant discriminated against Plaintiff on the basis of his disability by terminating his employment. The stated reason for Plaintiff's termination—attendance violations—was pretext. The underlying absences were all protected disability-related accommodations approved by Defendant. Defendant thus terminated Plaintiff because of his disability and his requests for accommodation, in violation of 42 U.S.C. § 12112.

### ADA RETALIATION (42 U.S.C. § 12203)

34.  Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

35.  Plaintiff engaged in protected activity under the ADA by requesting disability accommodations on multiple occasions throughout his employment.

36.  Defendant retaliated against Plaintiff by terminating his employment on February 3, 2025, causally connected to his protected accommodation requests. The pretext of an attendance violation—predicated entirely on approved accommodation-related absences—demonstrates that Defendant's stated reason was not the true basis for Plaintiff's termination.

### TCHRA DISABILITY DISCRIMINATION AND RETALIATION
### (TEX. LAB. CODE §§ 21.051, 21.055)

37.  Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

38.  At all relevant times, Defendant was an "employer" within the meaning of the Texas Labor Code § 21.002(8), employing fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding year.

39.  Plaintiff is a person with a disability within the meaning of the TCHRA. Tex. Lab. Code § 21.002(6). Defendant discriminated against Plaintiff by terminating his employment because of his disability, in violation of Tex. Lab. Code § 21.051.

40.  Defendant retaliated against Plaintiff for engaging in protected activity—requesting and taking disability-related accommodations and leave—in violation of Tex. Lab. Code § 21.055.

## VIII. DAMAGES

41.  As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer the following injuries and damages:

   a.  Lost wages, including back pay from the date of termination (February 3, 2025) to judgment;

   b.  Lost employment benefits, including but not limited to health insurance and retirement benefits;

   c.  Front pay and future lost earnings, as reinstatement is impractical and unworkable under the circumstances;

   d.  Liquidated damages equal to the amount of lost wages and benefits, pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), due to Defendant's willful and bad-faith violations of the FMLA;

   e.  Compensatory damages for emotional distress, mental anguish, inconvenience, and loss of enjoyment of life, pursuant to the ADA and TCHRA;

   f.  Punitive damages, to the extent permitted by law, due to Defendant's reckless indifference to Plaintiff's federally and state-protected rights; and

   g.  All other actual damages proximately caused by Defendant's unlawful conduct.

## IX. ATTORNEY FEES AND COSTS

42.  Plaintiff is entitled to an award of reasonable attorney fees and costs of court pursuant to 29 U.S.C. § 2617(a)(3), 42 U.S.C. § 12205, and Tex. Lab. Code § 21.259.

## X. JURY DEMAND

43.    Plaintiff Timothy Maynor hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution.

## XI.    PRAYER

WHEREFORE, Plaintiff Timothy Maynor respectfully requests that this Court enter judgment against Defendant Amazon.com Services LLC and award Plaintiff the following relief:

a.  Back pay, including lost wages and benefits from the date of termination to the date of judgment;

b.  Front pay in lieu of reinstatement;

c.  Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d.  Compensatory damages for emotional distress and mental anguish;

e.  Punitive damages as permitted by law;

f.  Prejudgment and post judgment interest on all sums awarded;

g.  Reasonable attorney fees and costs of suit; and

h.  All other relief, general or specific, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

WALTERS LAW OFFICE, PLLC.


_____/s/ Jonathan J. "Jack" Walters._____

Jonathan J. "Jack" Walters

State Bar No. 24096307

3113 S. University Drive, Suite 205
Fort Worth, Texas 76109
(682) 747-6800
(682) 747-6899 facsimile
jack@walterslawofficepllc.com

ATTORNEY FOR PLAINTIFF